ROBERT A. WHITAKER v. OSSEO
INDEPENDENT SCHOOL DISTRICT NO. 279.

241 N. W. 2d 318.

April 9, 1976—Nos. 45899, 45900.

*Peterson, Popovich, Knutson & Flynn, Peter S. Popovich,
James E. Knutson,* and *Charles T. Mottl,* for appellant.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,*
Solicitor General, and *Stephen F. Befort,* Special Assistant Attorney General, for respondent.

Heard before Kelly, MacLaughlin, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

Defendant school district appeals from a declaratory judgment rendering it liable for the cost of an audit of its books by the state public examiner, and from an order denying its motion for a new trial. We affirm.

The facts are undisputed. Sometime before January 29, 1971, a petition requesting an audit of the district's books was circulated and presented to the county auditor. The petition appeared to contain the signatures of 2,557 freeholders in the district, more than the number required before the county auditor could properly certify the petition to the public examiner under Minn. St. 1971, § 215.19. However, on January 29, before

the county auditor certified the petition, attorneys for the school district called his attention to a defect on its face—many pairs of signatures were apparently written by the same hand, i.e., persons had apparently signed for themselves and their spouses. If one of each of these pairs is discounted, the number of signatures falls before the number required by statute. For purposes of this appeal, the parties have conceded that the petition was defective. Notwithstanding this defect, the county auditor certified the petition as proper to the public examiner. After the school district's attorneys informed the public examiner of the defect, he commenced the instant declaratory judgment action seeking determinations that he was entitled to conduct the audit and to charge the school district for the costs thereof. Before that action was tried, however, the public examiner proceeded with the audit. The school district did not obtain an injunction against the audit or in any other way attempt to stop it. After the audit was concluded, the district court held that the audit was proper and ordered the school district to pay the costs—$12,251.60.

The public examiner argues that, notwithstanding the defect, the county auditor's certification of the petition was conclusive for purposes of this action under Minn. St. 1971, § 215.19. That statute provided in relevant part as follows:

"* * * Before such petition is delivered to the public examiner it shall be presented to the auditor of the county in which such city, borough, town, village, or school district is situated, who shall determine whether such petition is signed by the required number of freeholders and shall certify such fact thereon, and *such certificate shall be conclusive evidence thereof in any action or proceeding for the recovery of the costs, charges and expenses of any examination made pursuant to such petition.*" (Italics supplied.)

Since the instant action was implicitly an action to recover costs —paragraph II-C of the prayer for relief in the complaint asks for a declaration that the district is liable for costs—we hold that

the statute applies. The county auditor's certification of the validity of the petition is therefore conclusive and cannot be attacked by the school district.

The case of Domeier v. Golling, 243 Minn. 237, 67 N. W. 2d 898 (1954), in which we held that freeholders could withdraw their names after certification and thereby prevent the audit, is distinguishable. In that case the *cost* of the audit was not in controversy—the plaintiff-freeholder there had agreed to pay the nominal cost incurred by the public examiner before the signatures had been withdrawn. The court stated:

"* * * Since the dispute in this case involves only the method of performing an administrative function, and neither the proponents of the petition nor the city can be substantially prejudiced by the withdrawals *in view of plaintiff's willingness to pay the cost of the preliminary work done on the audit,* we find no good reason why the withdrawals should not be permitted in this case. We therefore conclude that the trial court erred in holding that the withdrawal petition, certified as it was by the county auditor, was not timely and effectual." 243 Minn. 243, 67 N. W. 2d 902. (Italics supplied.)

We would also note that this is not a case in which the school district moved promptly to enjoin either the county auditor's certification or the public examiner's audit. Under these circumstances, we see no reason not to give conclusive effect to the county auditor's certification.

Affirmed.

MR. JUSTICE SCOTT took no part in the consideration or decision of this case.